UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-1373-CIV-HUCK/BROWN

ZURICH INSURANCE
COMPANY a/s/o ANGLOIRISH
BANK and ANGOLIRISH BANK,
individually,

    Plaintiffs,

vs.

ENRIQUE CLEMENTE BENET,

    Defendant.
_____/



NOV 21 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT OR IN THE ALTERNATIVE FOR NEW TRIAL

THIS CAUSE is before the Court on the Plaintiffs', Zurich Insurance Co. a/s/o AngloIrish Bank, f/k/a Bank Marcuard, Cook & Cie and AngloIrish Bank ("Bank") Motion to Alter/Amend Judgment or in the Alternative for New Trial, brought pursuant to Federal Rules of Civil Procedure 52 and 59. The Court has carefully reviewed the Bank's supporting memorandum of law, the Defendant, Enrique Clemente Benet's opposition memorandum of law, and the Bank's reply memorandum.

Motions pursuant to Rule 52 and Rule 59 may properly bring to the Court's attention issues of manifest error of law or fact or newly discovered evidence. *Fontenot v. Mesa Petroleum Co.,* 791 F.2D 1207, 1219 (5th Cir. 1986); *Dow Chemical Pacific Ltd. v. Roscator Maritime S.A.,* 609 F. Supp. 451, 452-53 (S.D. N.Y. 1984). However, these rules are not appropriate legal vehicles for simply rearguing issues of law and fact which were, as here, extensively and well argued by counsel and carefully considered by the Court at trial. *Ramos v. Boehringer Manheim Corp.,* 896 F. Supp. 1213,



1214-15 (S.D. Fla. 1994).

The Court concludes that the Bank has brought forth no new evidence and has demonstrated no manifest error, in fact or law, in the Court's findings of fact and conclusion of law. Rather, the Bank's motion merely reasserts its same arguments made to the Court at trial, which arguments were considered by the Court. The Court remains convinced that it understood and properly applied the applicable Swiss law to the facts before it. That the Bank does not accept the Court's determination is understandable, but that is not an appropriate basis for altering the Court's decision or granting a new trial. It is apparent that the Bank simply ignores the central and obvious, at least to the Court, fact that the Bank alone caused the loss which must be apportioned by this Court between the Bank and Benet. As dramatically chronicled in the very Swiss judgment upon which the Bank relies, "it is inconceivable that a professional fund manager. . . had not taken care to draw the attention of the decedent in this regard [to assure the post-mortem transfer of Acero's assets to Benet] and to suggest to him to give the instructions in holographic form." It is this failure, described in the judgment as lacking even "the minimum degree of attention which one must expect of a professional fund manager," which led to the unnecessary, expensive and extensive litigation over the assets of Acero's estate.

The Court finds no basis for amending its judgment or granting a new trial. Therefore, the Bank's Motion to Alter/Amend Judgment or in the Alternative for New Trial is DENIED.

DONE AND ORDERED in chambers, Miami, Florida this 21st day of November, 2001.

Paul C. Huck
United States District Judge

Copies furnished to:
Frank R. Rodriguez, Esq.
Janice A. Kelly, Esq.

    E.    If the answer to question number 1:C is no, please set forth why not;

    F.    Please set forth all testing and inspection procedures by Defendant to make sure said component is in satisfactory condition for its intended use before putting same into an automobile for sale to the public and shipping said vehicle to a dealer for such purpose.

On November 1, 2001, General Motors' counsel called Plaintiffs' counsel to discuss the discovery request. General Motors provided Plaintiffs with information responsive to subparts C, D, E and F of Plaintiffs' Interrogatories. Further, General Motors' counsel advised that it would take a short time more to obtain the name and address of the manufacturer of the tubing referred to in Plaintiffs' Complaint. At no time did Plaintiffs' counsel indicate that he objected to waiting a short period of time for that information.

On November 1, 2001, General Motors sent Plaintiffs' counsel a confirmatory letter concerning that conversation (Exhibit "A").

Despite the telephone conference, Plaintiffs' counsel filed their Motion to Compel on November 6, 2001.

General Motors has served Plaintiffs with its Responses to Plaintiffs' Interrogatories before filing its Response (Exhibit "B").

General Motors requests that this Court deny Plaintiffs' Motion as moot, and also to deny Plaintiffs' motion for failure to include the certification of counsel required under Local Rule 26.1.

**WHEREFORE** General Motors requests that this Court deny Plaintiffs' Motion as moot, and also to deny Plaintiffs' motion for failure to include the certification of counsel required under Local Rule 26.1, and grant all other relief it deems proper.

2

LAW OFFICES
# RUMBERGER, KIRK & CALDWELL
PROFESSIONAL ASSOCIATION

Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street (33130)
Post Office Box 01-9041
Miami, Florida 33101

Telephone (305) 358-5577
Telecopier (305) 371-7580
http://www.rumberger.com

November 1, 2001

**VIA FACSIMILE NO. (305) 858-8585**

Gary E. Garbis, Esq.
Gary E. Garbis, P.A.
3399 S.W. Third Avenue
Miami, FL 33145

   Re: Tremaine v. General Motors
     Our File No.: GMF1-101898

Dear Mr. Garbis:

  This letter will follow up on our conversation of this afternoon regarding Plaintiffs' most recent interrogatories to General Motors. As we discussed, General Motors does not track tubings by lot numbers. Rather, General Motors uses a first in and first out (FIFO) inventory system. Regarding the identity of the manufacturing of the flexible tubing, we are currently searching for that information and hope to have it within about ten days.

  Regarding testing, please see documents bates nos. 1-55.

  Should you have any questions concerning the above, please do not hesitate to contact me.

Very truly yours,

David J. Pyper

DJP:eg
270209

EXHIBIT A

1214-15 (S.D. Fla. 1994).

The Court concludes that the Bank has brought forth no new evidence and has demonstrated no manifest error, in fact or law, in the Court's findings of fact and conclusion of law. Rather, the Bank's motion merely reasserts its same arguments made to the Court at trial, which arguments were considered by the Court. The Court remains convinced that it understood and properly applied the applicable Swiss law to the facts before it. That the Bank does not accept the Court's determination is understandable, but that is not an appropriate basis for altering the Court's decision or granting a new trial. It is apparent that the Bank simply ignores the central and obvious, at least to the Court, fact that the Bank alone caused the loss which must be apportioned by this Court between the Bank and Benet. As dramatically chronicled in the very Swiss judgment upon which the Bank relies, "it is inconceivable that a professional fund manager. . . had not taken care to draw the attention of the decedent in this regard [to assure the post-mortem transfer of Acero's assets to Benet] and to suggest to him to give the instructions in holographic form." It is this failure, described in the judgment as lacking even "the minimum degree of attention which one must expect of a professional fund manager," which led to the unnecessary, expensive and extensive litigation over the assets of Acero's estate.

The Court finds no basis for amending its judgment or granting a new trial. Therefore, the Bank's Motion to Alter/Amend Judgment or in the Alternative for New Trial is DENIED.

DONE AND ORDERED in chambers, Miami, Florida this 21 day of November, 2001.

Paul C. Huck
United States District Judge

Copies furnished to:
Frank R. Rodriguez, Esq.
Janice A. Kelly, Esq.